# In the United States Court of Federal Claims
(Pro Se)

|  |  |  |
|---|---|---|
| STACY JAMES SPENCER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 20-837C<br>(Filed: August 21, 2020) |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

### **ORDER**

The Plaintiff in this case, proceeding pro se, has filed a complaint that challenges the actions taken by a number of officials of the state of Texas as well as his court-appointed attorney in connection with his arrest, criminal prosecution and incarceration. Compl., Docket No. 1. He alleges that these individuals violated his civil and constitutional rights and seeks an award of damages under 42 U.S.C. § 1983. Id. at 3–4.

Jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), and the Court may raise the issue on its own at any time without a motion from a party, Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004); see also Rule 12(h)(3) of the Rules of the Court of Federal Claims (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Further, while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act grants the United States Court of Federal Claims jurisdiction over monetary actions "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not confer jurisdiction over claims against any entity other than the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941). "The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under state law." Drake v. United States, 792 F. App'x 916, 920 (Fed. Cir. 2019). Thus, the Court lacks jurisdiction over the claims set forth in Mr. Spencer's complaint which allege civil rights violations committed by state officials or private persons.

      For these reasons, the Court directs the Clerk to **DISMISS** Mr. Spencer's complaint without prejudice based on lack of subject matter jurisdiction.[1]

      **IT IS SO ORDERED.**

                                          *Elaine D. Kaplan*
                                          ELAINE D. KAPLAN
                                          Judge

---

[1] Mr. Spencer has filed a motion to proceed in forma pauperis in this case. ECF No. 2. That motion is **GRANTED** solely for purposes of dismissing the case.